DAVIS v. PLANT et al.

(Supreme Court, Appellate Term, Second Department. March, 1912.)

1. MASTER AND SERVANT (§ 203*)—INJURY TO SERVANT—ASSUMPTION OF RISK.
    Where an employé, engaged by means of a pole with a "T" .end in lifting quarters of beef suspended from an overhead track by a wheel and hook, was injured by the wheel falling off the pole and on him, and the accident was obviously attributable solely to the angle at which he held the appliance, the character and condition of which were known to him, the employer was not liable at common law.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 538–543; Dec. Dig. § 203.*]

2. MASTER AND SERVANT (§ 107*)—INJURY TO SERVANT—"WAYS, WORKS, MACHINERY, OR PLANT."

A pole, with a "T" end to aid employés in lifting quarters of beef suspended from an overhead track by a wheel and hook, is not "ways, works, machinery, or plant," within Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Louis Davis against Simon Plant and Harry Plant. From a judgment for plaintiff, defendant Harry Plant appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GARRETSON, STAPLETON, and KAPPER, JJ.

Louis Cohen, for appellant.
Abraham Rockmore, of Brooklyn, for respondent.

PER CURIAM. The plaintiff, servant of the defendants, used a pole with a "T" end to aid him in lifting quarters of beef, which were suspended from an overhead track by a wheel and hook. In lowering a piece of beef with the pole, the wheel is alleged to have fallen off the pole upon plaintiff, inflicting an injury. · Even if the plaintiff's theory of the defendant's liability were maintainable in law, the decision of the trial justice was against the weight of evidence.

[1, 2] We are of the opinion, however, that the action cannot be sustained, either at common law or under the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204). The alleged cause of the injury was this pole, which was clearly a simple appliance. The character and condition of the pole were known to the plaintiff, and the accident was obviously attributable solely to the angle at which the plaintiff held the appliance. The condition of the pole and the circumstances of its use would not have availed the plaintiff under a common-law form of action, nor was this pole either "ways, works, machinery, or plant," within the meaning of the Employer's Liability Act.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.